**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH J. BYRON III,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION,<br><br>        Defendant,<br><br> and<br><br>DOES, 1-50; NICOLAS MADUROS, Director of the California Department of Tax and Fee Administration,<br><br>        Defendants-Appellees. | No. 20-55125<br><br>D.C. No. 2:19-cv-06742-CAS-RAO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Joseph J. Byron III appeals from the district court's order dismissing his 42 U.S.C. § 1983 action alleging due process violations arising from a sales tax assessment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Jerron West, Inc. v. Cal., State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997).

The district court properly dismissed Byron's action for lack of subject matter jurisdiction because the Tax Injunction Act bars taxpayers from challenging the validity of a state tax in federal court where there is an adequate remedy available in state court. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Jerron West, Inc.*, 129 F.3d at 1338-39 (explaining that California offers a "plain, speedy and efficient remedy" in its courts for state tax appeals (citation omitted)).

**AFFIRMED.**